## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

LARRY MORRIS,

     Plaintiff,

v.                                                    Case No. 5:23-cv-42-TKW/MJF

SCOTT MIDDLEBROOKS, *et al.*,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

In his third amended complaint, Plaintiff Larry Morris alleges that Defendant J. Blackmon, a correctional officer at the Graceville Correctional Facility, violated the Eighth Amendment and Florida state law when she sprayed pepper spray in Morris's eyes, nose, and mouth and then "slammed" Morris's cell door into his face. He also alleges Defendants D. Baker and T. Taylor violated the Due Process Clause of the Fourteenth Amendment when they found Morris guilty of attempted battery on Blackmon "without any evidence." Morris further alleges that Defendant Scott Middlebrooks violated the Due Process Clause when he affirmed Baker and Taylor's finding. Finally, Morris alleges that Defendants "Jane or John Doe"—a "medical administrator"—and the

Management & Training Corporation ("MTC") violated the Eighth Amendment by refusing to treat injuries that Morris sustained during Blackmon's use of force and by failing to staff adequately the medical department at the Graceville Correctional Facility.

Because Morris's third amended complaint fails to state a plausible Fourteenth-Amendment due-process claim against Middlebrooks, Baker, and Taylor, the District Court should dismiss those claims with prejudice. Additionally, because Morris's third amended complaint fails to state an Eighth-Amendment claim of deliberate indifference to a serious medical need against Doe and MTC, the District Court should dismiss those claims with prejudice.

## I. BACKGROUND

On May 30, 2023, Morris, a prisoner proceeding *pro se* and *in forma pauperis*, filed a third amended complaint. Doc. 14. He is suing five defendants in their individual capacities, all of whom are employed at the Graceville Correctional Facility ("GCF") by MTC:

1. Scott Middlebrooks, the Warden;

2. D. Baker, a lieutenant;

3. T. Taylor, a correctional officer;

4.  "Jane or John Doe," a "medical administrator" at GCF; and

5.  J. Blackmon, a correctional officer.

*Id.* at 2–3, 14. He also is suing MTC. *Id.* at 14.

On August 20, 2022, Blackmon allegedly ordered Morris to pack his property because Morris was "moving out." *Id.* at 5. As Morris packed his property, Blackmon allegedly came to Morris's cell; stated, "I know how to deal with a pervert"; sprayed pepper spray in Morris's eyes, nose, and mouth; and then "slammed" Morris's cell door into his face, which left a "large knot" on Morris's forehead. *Id.* On August 25, 2022, Morris allegedly received disciplinary reports for attempted battery on a correctional officer and possession of a weapon. Doc. 14 at 6. Morris alleges that Blackmon fabricated allegations that Morris had a weapon and attempted to stab her. *Id.* at 15.

On September 2, 2022, Morris appeared before Baker and Taylor for a disciplinary hearing. *Id.* At some point before the hearing, Morris allegedly requested video evidence of Blackmon's use of force, as well as witnesses that were in a position to hear or see Blackmon's use of force. *Id.* He alleges that "without any evidence and without calling any of [his] requested witnesses," Baker and Taylor found him guilty of attempted

battery.[1] *Id.* As a result, the Florida Department of Corrections ("FDC") allegedly placed Morris in "control management at a minimum of two years." Doc. 14 at 20. Morris alleges that Baker and Taylor's findings reflected a date of August 31, 2022—two days before the hearing. *Id.* at 16. Morris alleges that he appealed his conviction to Middlebrooks and noted Baker and Taylor's alleged misconduct. *Id.* Middlebrooks allegedly failed to correct Baker and Taylor's findings. *Id.*

Following Blackmon's alleged use of force, Morris allegedly experienced "serious migraine headachs [sic], difficulty with breathing, sinus congestion, tearing and sporadic bouts of nausea." *Id.* at 17. Morris alleges that the migraines and nausea "were so intense at odd times that it forced [him] to be bedridden for days on end." Doc. 14 at 17.

Morris allegedly notified "medical and security" of his condition and submitted several sick-call requests, grievances, and "declarations" that "were either ignored or dismissed as frivious [sic]." *Id.* at 17–18. He alleges that "on information and belief," GCF has a "custom or policy" of not providing medical care to prisoners "charged with assault against

---

[1] Baker and Taylor dismissed the disciplinary report for possessing a weapon.

staff." *Id.* at 17. At some point, an unidentified correctional officer allegedly told Morris that prisoners in confinement were not receiving medical care because the nurse assigned to sick-call quit. *Id.* at 18. The only exception, at least according to the correctional officer, was if a prisoner was unresponsive. *Id.* On September 19, 2022, the FDC transferred Morris to the Florida State Prison. Doc. 14 at 19.

Morris asserts the following claims:

- an Eighth-Amendment claim of excessive force, as well as assault and battery claims under Florida state law, against Blackmon;

- a Fourteenth-Amendment due-process claim against Baker, Taylor, and Middlebrooks because Baker and Taylor found Morris guilty of attempted battery on Blackmon without evidence and because Middlebrooks failed to correct Baker and Taylor's findings;

- an Eighth-Amendment claim of deliberate indifference to a serious medical need against Doe because he or she failed to follow a hiring practice that ensured sick call at GCF would be staff adequately; and

- an Eighth-Amendment claim of deliberate indifference to a serious medical need against MTC for having a "custom or policy" of not medically treating inmates who are charged with assaulting correctional officers and a custom of understaffing its medical department.

*Id.* at 7, 17–22.

## II. STANDARD

Because Morris is a prisoner, the District Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely

suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

## III. DISCUSSION

## A.   Morris Fails to Allege a Plausible Due-Process Claim

To prevail on a Fourteenth-Amendment due-process claim, a plaintiff ultimately must prove "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). At the outset, therefore, it must be

determined whether the injury Morris complains of is protected by the Due Process Clause. *See Dist. Att'y's Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67 (2009); *Dorman v. Aronofsky*, 36 F.4th 1306, 1315 (11th Cir. 2022).

The Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV; *Dorman*, 36 F.4th at 1315. Because Morris was not deprived of life and he does not allege that he was deprived of property, he is entitled to due process only if he was deprived of "liberty" within the meaning of the Fourteenth Amendment.

A prisoner is entitled to due process "when an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force"; and "when a change in his conditions of confinement 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1347 (11th Cir. 2016) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). Courts consider both the alleged duration of the confinement and the alleged severity of the hardship. *Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004).

Notably, neither disciplinary segregation nor solitary confinement presents an atypical, significant hardship when the confinement "basically mirrors the conditions imposed upon inmates in administrative segregation and protective custody." *Delgiudice v. Primus*, 679 F. App'x 944, 948 (11th Cir. 2017) (quoting *Sandin*, 515 U.S. at 486).

Morris alleges that Baker and Taylor found him guilty of attempted battery on Blackmon. Doc. 14 at 15. As a result, Morris allegedly was placed in "control management [for] a minimum of two years." *Id.* at 20. Morris contends that his placement in "control management" imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*

But Morris offers no *factual* allegations to support this assertion. Indeed, the only description of Morris's present confinement is that he is in "control management [for] a minimum of two years." *Id.* The duration of his confinement, standing alone, is insufficient to plausibly suggest an Eighth-Amendment violation. *See Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010) (holding that four years in administrative confinement "did not tip the balance in favor of establishing a liberty

interest" because the conditions were "generally equivalent to general prison population conditions"). Additionally, it is possible that Morris meant to allege that he was placed in "close management," as opposed to "control management." But there are three level of close management, and placement in the lowest level does not impose an atypical and significant hardship. *See Matthews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013); *cf.* Fla. Admin. Code R. 33-601.800(2) (discussing the three levels of close management).

The undersigned twice advised Morris of the standard for stating a Fourteenth-Amendment due-process claim. Docs. 9, 11. Specifically, the undersigned advised Morris that his complaint must include sufficient "*factual* allegations" as to the atypical and significant hardship from which he allegedly suffers as a result of Baker and Taylor's alleged misconduct. Doc. 11 at 6–8 (emphasis in original); *see* Doc. 9 at 7–10. Despite the undersigned's instructions, Morris again fails to state a plausible claim against Baker and Taylor.

Furthermore, because Morris fails to plausibly allege that Baker and Taylor deprived him of a constitutionally-protected liberty interest, Morris likewise fails to state a plausible due-process claim against

Middlebrooks for failing to correct Baker and Taylor's alleged misconduct. *See Christmas v. Harris Cnty.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (noting that section 1983 claims may be brought against supervisory officials only "when the supervisor personally participates in the alleged unconstitutional conduction or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation").

Thus, the District Court should dismiss Morris's Fourteenth-Amendment due-process claim against Baker, Taylor, and Middlebrooks.

## B. <u>Morris Fails to Allege a Plausible Claim of Deliberate Indifference to a Serious Medical Need</u>

The Eighth Amendment requires governments "to provide minimally adequate medical care to those whom they are punishing by incarceration." *Hoffer v. Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991)). A defendant violates the Eighth Amendment when he demonstrates deliberate indifference to a plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

An Eighth-Amendment claim of deliberate indifference to a serious medical need contains both an objective and a subjective component.

*Wade v. McDade*, 67 F.4th 1363, 1370 (11th Cir. 2023). To survive screening under sections 1915A(a)–(b) and 1915(e)(2)(B), a complaint must plausibly allege both components. *See James v. Bartow Cnty.*, 798 F. App'x 581, 585 (11th Cir. 2020).

As to the objective component, a plaintiff ultimately must demonstrate that he suffers from an "objectively serious medical need." *Wade*, 67 F.4th at 1370. An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and, "if left unattended, poses a substantial risk of serious harm." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation omitted).

As to the subjective component, a plaintiff must demonstrate that the defendant acted with "deliberate indifference." *Wade*, 67 F.4th at 1370. That is, the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than ***gross*** negligence." *Id.* at 1374. "Gross negligence" is "'the equivalent of recklessly disregarding' a substantial risk of serious harm to the inmate." *Id.* at 1375 (quotation omitted).

### 1.   *Morris Fails to Allege a Plausible Claim Against Doe*

Morris alleges that Doe violated the Eighth Amendment because he or she failed to follow a hiring practice that ensured sick call at GCF would be staff adequately. Doc. 14 at 19, 21. Assuming that Morris plausibly alleges a serious medical need, Morris fails to allege sufficient facts which plausibly suggest that Doe acted with deliberate indifference. That is, Morris fails to allege that Doe knew of a risk of serious harm to Morris's health and acted with more than gross negligence in disregarding that risk. *See Wade*, 67 F.4th at 1374. Morris's allegations instead arise from Doe's alleged hiring practice or lack thereof.

Morris does allege that—"[o]n information and belief"—when an inmate files a grievance, "grievance staff calls the matter to the attention of those individuals responsible for that which the grievance concerns." Doc. 14 at 18. Simply filing a grievance, however, is insufficient to impose liability on Doe. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see Bellamy v. Bradley*, 729 F.2d 416, 422 (6th Cir. 1984). Furthermore, Morris does not provide any factual support for his

"information and belief." Thus, Morris fails to plausible allege that Doe acted with deliberate indifference.[2]

The undersigned previously advised Morris of the pleading standard for an Eighth-Amendment claim of deliberate indifference to a serious medical need. Doc. 9 at 10–13; *see* Doc. 11 at 8–10 (discussing deliberate-indifference standard). Despite the undersigned's instructions, Morris again fails to plausibly allege that Doe violated the Eighth Amendment. Thus, the District Court should dismiss Morris's Eighth-Amendment claim against Doe.

## 2. *Morris Fails to Allege a Plausible Claim Against MTC*

Morris also alleges that MTC violated the Eighth Amendment because it has policies or customs of not treating inmates who are charged with assaulting correctional officers and understaffing its medical department. Doc. 14 at 18–19, 21.

---

[2] To the extent that Morris is attempting to allege a negligent-hiring claim against Doe, Morris similarly fails to plausibly suggest that Doe acted with deliberate indifference. A plaintiff must plausibly allege that the supervisory official had the "deliberate intent to inadequately staff" a facility. *McDowell v. Brown*, 392 F.3d 1283, 1291 (11th Cir. 2004). Morris fails to do so here.

Although MTC is not a governmental entity, "when a private entity . . . contracts . . . to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022).

Municipalities may not be held liable in a section 1983 action under a *respondeat superior* theory. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Ireland*, 53 F.4th at 1289. Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)

"A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision

violated the plaintiff's constitutional right." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citation omitted). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*

Morris alleges that MTC violated the Eighth Amendment because it has a "custom or policy" of not medically treating inmates who are charged with assaulting correctional officers and a custom of understaffing its medical department. Doc. 14 at 17–19. Morris provides no factual support for these allegations, however. For example, MTC's alleged "custom or policy" of refusing to medically treat inmates charged with assault is based on Morris's "information and belief." *Id.* at 17. Morris does not allege that other inmates have experienced similarly mistreatment. *See Ireland*, 53 F.4th at 1290 ("[R]andom acts or isolated incidents are insufficient to establish a custom or policy."). Additionally, Morris provides no factual support that MTC has a custom of

understaffing its medical department. *Craig*, 643 F.3d at 1311. In short, Morris fails to plausibly allege that a policy or custom attributable to MTC violated the Eighth Amendment.

The undersigned previously advised Morris of the pleading standard for municipal liability. Doc. 9 at 5–7; Doc. 11 at 2–4. Despite the undersigned's instructions, Morris again fails to plausibly allege that a policy or custom attributable to MTC violated the Eighth Amendment. Thus, the District Court should dismiss Morris's Eighth-Amendment claim against MTC.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the following claims of Plaintiff Larry Morris:

1.    the Fourteenth-Amendment due-process claims against Defendants Scott Middlebrooks, D. Baker, and T. Taylor; and

2.    the Eighth-Amendment claims of deliberate indifference to a serious medical need against Defendants "Jane or John Doe" and MTC.

At Pensacola, Florida, this <u>4th</u> day of August, 2023.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**